WARREN E. HOOD, Judge Pro Tern.
Travelers Insurance Company filed a motion for summary judgment to be dismissed from the suit filed against it by appellant, Arthur Wade. The motion was granted by the trial court.
The petition alleges that the motor vehicle driven by him and owned by Orgill Brothers and Company was insured with uninsured/underinsured motorist coverage by Travelers.
The motion for summary judgment is based on Travelers’ contention that Orgill had rejected uninsured motorists coverage in writing, and therefore, there was no uninsured/underinsured motorists coverage.
In support of its motion, Travelers filed 1) an affidavit by the insurance agent for Orgill and Travelers, 2) an insurance policy declaration page and 8) a “Louisiana uninsured motorist coverage supplemental application” form signed by the representative of Orgill in which the representative rejected uninsured motorists coverage. No counter-affidavit was filed by the appellant.
The problem lies in a discrepancy between the policies and policy numbers reflected on the declarations page and the policy number reflected on the form rejecting uninsured motorists coverage.
The declarations page states the policy number to be TR-CAP-67J T828-2-82, and the Louisiana-uninsured motorist coverage supplemental application, on which uninsured motorists coverage was rejected, re- *294 fleets the policy number to be TR-CAP-ló^ T828-2-82.
Appellant contends that the affidavit of the insurance agent does not adequately explain the discrepancy. However, the affidavit clearly states that the correct number of the policy issued to Orgill was TR-CAP-674 T828-2-82, and that the handwritten policy number on the rejection form using the figures 16⅛ instead of 61⅛ was simply a clerical error.
The problem is further complicated, however, by the fact that also appearing on the declarations page are the words, letters and numbers “Concurrent Policy # TREE-NSL-164T829-4-82”. Counsel for appellant then argues that since three different numbers are reflected by the documents, this shows that more than one policy was issued to Orgill by Travelers; that no reference to concurrent policy number TREE-NSL-164T829-4-82 was made in the affidavit; that the mover for summary judgment must show by clear and convincing proof that there is no question of fact, that since the record reflects that two policies were issued to Orgill that the respondent-appellant is not required to submit a counter-affidavit.
We agree with counsel. The affidavit merely explains that the discrepancy between the policy number on the rejection form is the result of a clerical error. But neither does the affidavit clearly state, nor is such reflected on the declaration page, that policy # TR-CAP-614T828-2-82 is the policy and the only policy that insures the vehicle involved in the accident. Further, since the affidavit makes no mention of the concurrent policy referred to on the declarations page, it neither negates the possibility that this policy provides coverage even if the rejection form refers to policy # TR-CAP-614T828-2-82, nor does it negate the possibility, in view of the existence of the same figures “... 164 ...” in both the concurrent policy number and the number given in the rejection form, that the rejection form refers to the concurrent policy.
The statement in the affidavit that Travelers did not “provide any type of excess or umbrella coverage or coverages” to Orgill does not suffice.
It is incumbent upon Travelers to show that it does not provide uninsured/underin-sured motorist coverage to plaintiff. The affidavits and attachments do not clearly do so. As for the failure of plaintiff to file a counter affidavit, it must be remembered that he was not the policy holder, his employer was, and therefore, was not necessarily in a position to have personal knowledge of the policies issued to his employer, their contents, or of the execution of the rejection form. Under these circumstances, he was not required to file a counter affidavit disputing Travelers’ contentions when the evidence presented by Travelers did not clearly support its contentions.
It may be very likely that Travelers can supply evidence completely supporting its contention, but until it does so, there remain unanswered questions of fact material to the coverage of Travelers.
For the reasons assigned, the judgment of the trial court granting the motion for summary judgment is reversed. All costs of this appeal are assessed against Travelers Insurance Company, defendant-appel-lee.
REVERSED.